# EXHIBIT A

| AOC-105 Doc. Code: CI Rev. 1-07 Page 1 of 1 Commonwealth of Kentucky Court of Justice   www.courts.ky.gov CR 4.02; CR Official Form 1 | **CIVIL SUMMONS** | Case No. **18CI03934** Court ☑ Circuit ☐ District County Jefferson |
| --- | --- | --- |

JUL 11 RECD

**PLAINTIFF**

JEFFERSON CIRCUIT COURT
DIVISION TWELVE (12)

Kathy B. King

**VS.**

Baptism Healthcare System, Inc.

aka/dba Baptist Hospital Floyd

2701 Eastpoint Parkway

Louisville, Kentucky 40223

**DEFENDANT**

**Service of Process Agent for Defendant:**

Daniel J. Eichenberger, M.D.

Registered Agent

1850 State Street

New Albany, Indiana 47150

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons.  **Unless a written defense is made by you or** by **an attorney on your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: _____JUL - 6 2018_____

DAVID L. NICHOLSON, CLERK _____ Clerk

By: _____ D.C.

| **Proof of Service** |
| --- |
| This Summons was served by delivering a true copy and the Complaint (or other initiating document) to: _____ this _____ day of _____, 2_____. |
| Served by: _____ _____ Title |

NO **18CI03934**

JEFFERSON CIRCUIT COURT
DIVISION
JUDGE

KATHY B. KING

PLAINTIFF



## VERIFIED COMPLAINT

BAPTIST HEALTHCARE SYSTEM, INC.          DEFENDANT
aka/dba/ "BAPTIST HEALTH FLOYD"

> SERVE:     Daniel J. Eichenberger, M.D.
> Registered Agent
> 1850 State Street
> New Albany, Indiana 47150

*

Comes the Plaintiff, KATHY B. KING, by counsel, and for her Verified

Complaint, states as follows:

### PARTIES

1.  At all times material and relevant herein, Plaintiff was and is a resident of

Louisville, Jefferson County, Kentucky.

2.  At all times material and relevant herein, Defendant Baptist Health Floyd

was and is an assumed business name for Defendant Baptist Healthcare System, Inc.

(herein after "Baptist") and is a non-profit corporation duly organized, and existing

under the laws of the Commonwealth of Kentucky and having its principal place of

business at 2701 Eastpoint Parkway, Louisville, Kentucky 40223.

1

## JURISDICTION

3.    Subject matter jurisdiction over this action exists under Article III of the United States Constitution and under 28 U.S.C. Section 1331 of the United States Code.

## MATERIAL FACTS

4.    Plaintiff was hired by Floyd Memorial Hospital and Health Services on May 1, 2000, as a respiratory therapist.

5.    Defendant Baptist Healthcare System, Inc., bought Floyd Memorial and began operating as Baptist Health Floyd on or about October of 2016.

6.    In and around November of 2016, and in a continuing course of conduct of harassment and racism since that time, Plaintiff was in the medicine room getting her daily medication when another employee, Donna LaDuke, came into the room and took two unprovoked swings at her.   Plaintiff hurried up and walked away from her.

7.    Thereafter, in a continuing course and pattern of conduct of harassment and racism, LaDuke would regularly ridicule and scoff at Plaintiff at every opportunity.

8.    Plaintiff took LaDuke to the side and asked her not to continue this conduct.   LaDuke's harassment thereafter escalated and continued until Plaintiff

could no longer work or interact with her and reported LaDuke's conduct to her
superiors.

9.   No action was taken by the Defendant.

10.   Plaintiff began to report LaDuke's inappropriate behavior towards her to
the Defendant without intervention or success.   Plaintiff was apprised by Defendant
that "even if she had witnesses to corroborate her complaints, they would still make
a finding of unsubstantiated."

11.   In August of 2017, Plaintiff's ingress and egress to her locker was
repeatedly blocked by another employee, Chris Wacker, who had previously made
racial slurs to the Plaintiff about her and her husband, who is Caucasian-American.
Plaintiff immediately reported the Wacker incident to Defendant and Defendant
instructed Wacker not to repeat the behavior.

12.   On or about October 7, 2017, as a result of the actions of the employees
and Defendant, Plaintiff was forced to seek emotional counseling and therapy and
begin taking medication for anxiety and depression to be able to cope with the
aforesaid racism and harassment.

13.   On or about December 1, 2017, LaDuke baited Plaintiff into a verbal
exchange and then LaDuke complained to Defendant, who immediately wrote
Plaintiff up and warned Plaintiff that if there were any further problems between the

3

two co-workers, Plaintiff would be "let go."

14. Defendant did a "further investigation" for LaDuke and again warned Plaintiff.

15. On or about December 15, 2018, Plaintiff was talking to a co-worker about the way LaDuke treated her. LaDuke learned of this and again ran to Defendant.

16. On or about January 3, 2018, Defendant suspended Plaintiff for three days without pay for purportedly talking to a co-worker about LaDuke.

17. Plaintiff did not hear from Defendant after the suspension so she contacted Defendant on January 10, 2018, about returning to work. She was apprised that Defendant was still investigating.

18. On January 16, 2018, Defendant called Plaintiff and advised her that after the investigation, Defendant had decided to terminate Plaintiff.

19. On or about April 9, 2018, Plaintiff received her Right to Sue letter from the Equal Employment Opportunity Commission.

## COUNT I – RETALIATION

20. Plaintiff adopts, alleges and incorporates by reference the allegations set forth in paragraphs 1-19.

21. Despite repeated reports of racism, harassment to the Defendant by the

4

Plaintiff, all of which were protected acts, Defendant failed to properly investigate the allegations and retaliated against Plaintiff by terminating her employment.

22.   Defendant took adverse and unlawful retaliatory and employment action against Plaintiff based on her race and violation reporting by terminating her employment.

23.   As a direct and proximate result of the aforementioned conduct, Plaintiff has suffered emotional distress, embarrassment, humiliation, mental anguish, and loss of wages and benefits.

## COUNT II – WHISTLEBLOWER

24.   Plaintiff adopts, alleges and incorporates by reference the allegations set forth in paragraphs 1-23.

25.   Plaintiff was in a protected class on account of her reporting racism in the workplace to the Defendant.

26.   Defendant retaliated against Plaintiff for engaging in such protected activity by terminating her employment.

27.   As a direct and proximate result of the aforementioned conduct, Plaintiff has suffered emotional distress, embarrassment, humiliation, mental anguish, and loss of wages and benefits.

5

## COUNT III – DISABILITY DISCRIMINATION

27.  Plaintiff adopts, alleges and incorporates by reference the allegations set forth in paragraphs 1-26.

28.  Plaintiff was in a protected class on account of her disability or being regarded as disabled.

29.  Plaintiff engaged in protected activity when she notified Defendant that she was being treated for anxiety and depression.

30.  Defendant retaliated against Plaintiff for engaging in such protected activity by terminating her employment.

31.  As a direct and proximate result of the aforementioned conduct, Plaintiff has suffered emotional distress, embarrassment, humiliation, mental anguish, and loss of wages and benefits.

## COUNT IV – 1983 VIOLATION OF CIVIL RIGHTS

32.  Plaintiff adopts, alleges and incorporates by reference the allegations set forth in paragraphs 1-31.

33.  Despite repeated reports of racism, harassment to the Defendant by the Plaintiff, all of which were protected acts, Defendant repeatedly subjected Plaintiff to instances of racism and failed to protect her from same.

34.  Defendant took adverse and unlawful retaliatory and employment action

6

against Plaintiff based on her race and violation reporting by terminating her employment.

35.    As a direct and proximate result of the aforementioned conduct, Plaintiff has suffered emotional distress, embarrassment, humiliation, mental anguish, and loss of wages and benefits.

## COUNT V – HOSTILE WORK ENVIRONMENT

36.    Plaintiff adopts, alleges and incorporates by reference the allegations set forth in paragraphs 1-35.

37.    Despite repeated reports of racism, harassment to the Defendant by the Plaintiff, all of which were protected acts, Defendant repeatedly subjected Plaintiff to instance to an unbearable and toxic work environment and failed to protect her from same.

38.    Defendant took adverse and unlawful retaliatory and employment action against Plaintiff based on her race and violation reporting by terminating her employment.

39.    As a direct and proximate result of the aforementioned conduct, Plaintiff has suffered emotional distress, embarrassment, humiliation, mental anguish, and loss of wages and benefits.

7

## PRAYER

WHEREFORE, the Plaintiff demands as follows:

1.  That Plaintiff be awarded general and compensatory damages, including

prejudgment interest, in an amount according to proof at a trial by jury;

2.  Trial by jury on all issues so triable;

3.  Judgment against the Defendant;

4.  Her attorney fees and costs expended herein;

5.  Compensatory damages for her occasioned loss;

6.  For any and all equitable relief; and

7.  Any and all other relief to which she may appear equitably entitled.

Respectfully submitted,

TIMOTHY DENISON
Counsel for Plaintiff
235 South Fifth Street
The Third Floor
Louisville, Kentucky 40202-3226
(502) 589-6916; (FAX) 568-6919
timothydenison@aol.com

## VERIFICATION

I have read the foregoing VERIFIED COMPLAINT and it is true and correct
as I verily believe.

KATHY B. KING

8

COMMONWEALTH OF KENTUCKY

COUNTY OF JEFFERSON

Subscribed and sworn before me by KATHY B. KING as true and accurate on this 6th day of July, 2018.   My commission expires: 7-6-2021

_____
NOTARY PUBLIC, SAL, KENTUCKY

9